IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DAMIEN M. BALARK,** | : | **PRISONER HABEAS CORPUS** |
| Cobb County ID # 1000882, | : | **28 U.S.C. § 2241** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **JUDGE CHESBRO et al.,** | : | **CIVIL ACTION NO.** |
| Respondents. | : | **1:13-CV-232-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Damien M. Balark, a pretrial detainee at the Cobb County Adult Detention Center in Marietta, Georgia, challenges his detention via 28 U.S.C. § 2241. [Doc. 1.] In an Affidavit and Authorization for Withdrawal from Inmate Account, construed as a motion to proceed *in forma pauperis*, Petitioner seeks leave to file his petition without prepayment of the $5.00 filing fee. [Doc. 4.] A prison official certifies that Petitioner's inmate account has a $0.25 current balance and has had a $38.13 average monthly balance and $37.50 average monthly deposit for the preceding six months. [*Id.* at 3.] Accordingly, the Court finds that Petitioner currently has insufficient funds in his prisoner account to pay a filing fee, and **IT IS ORDERED** that Petitioner's request to proceed *in forma pauperis*, [Doc. 4], is **GRANTED**.

The matter is before the Court (1) for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases—which also applies to Section 2241 actions, as provided in Rule 1(b)—and (2) on Petitioner's motion for "immediate injunctive relief and preliminary injunction in support of habeas corpus," [Doc. 3]. Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

## I.  Discussion

Petitioner has been charged with aggravated child molestation.[1] Petitioner states that he has been held for more than 45 days without an indictment, and he complains that his public defender has not been responsive to him. Nevertheless, Petitioner notes that his public defender told him that he would have to wait eight months to one year for a court date and that he had no defense to the charge. In his petition and motion, Petitioner seeks to justify and excuse his actions and also questions whether there is

---

[1]  *See* http://www.cobbsuperiorcourtclerk.com/courts/Criminal.htm (searching "Name" for "Balark Damien") (last visited May 3, 2013).

enough evidence to convict him.  Petitioner also refers to claims that he has raised in other cases pending in this Court.[2]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." *Id.* at 53.  The Court noted that a litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief . . . ." *Id.* at 49 (citation and internal quotation marks omitted).  Equitable relief is available only in extraordinary circumstances, such as a prosecution brought in bad faith or a series of harassing prosecutions.  *Id.* at 49, 53.

Petitioner has not alleged that his state criminal proceeding satisfies any of the foregoing criteria for federal intervention.  Petitioner has not alleged that he has been prevented from contesting the charge in state court.  *See For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (stating that "*Younger* abstention applies only if (1) there are pending state proceedings at the time of the federal action, (2) the proceedings implicate important state interests, and (3) the

---

[2]   *See Balark v. State of Georgia*, No. 1:13-cv-233-TWT-AJB (N.D. Ga. filed Jan. 22, 2013) and *Balark v. Cobb Cnty. Adult Det. Ctr.*, No. 1:13-cv-617-TWT-AJB (N.D. Ga. filed Feb. 25, 2013).

AO 72A
(Rev.8/82)

proceedings provide an adequate opportunity for raising federal constitutional questions"). Therefore, *Younger* prohibits federal court interference in Petitioner's ongoing state criminal proceedings. The petition should be dismissed without prejudice[3] and the motion for injunctive relief should be denied.

## II.  Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

---

[3] "A dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the complaint." *Smith v. Mercer*, 266 Fed. Appx. 906, 908 (11th Cir. Feb. 27, 2008).

AO 72A
(Rev.8/82)

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that *Younger* prohibits federal court interference in Petitioner's ongoing state criminal case. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

Accordingly, the undersigned **RECOMMENDS** that: (1) Petitioner's motion for injunctive relief, [Doc. 3], be **DENIED**; (2) this action be **DISMISSED WITHOUT PREJUDICE**; and (3) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  6th   day of May, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)